UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 21-30607-crm |
| DEIDRE C. MACKIN ) | Chapter 7 |
|     Debtor ) | |
| _____) | |

## NOTICE AND MOTION TO SELL REAL PROPERTY
## FREE AND CLEAR (11 U.S.C. § 363)

Comes now ROBERT W. KEATS, having been appointed Trustee of the Estate of the above-named Debtors, and pursuant to 11 U.S.C. § 363 makes this motion to offer for sale the parcel of real property of the above estate Free and Clear. Further, the Trustee states as follows:

1. The Debtor filed a voluntary Chapter 7 bankruptcy petition in this Court on March 22, 2021 and Robert W. Keats was appointed Trustee. The Debtor's first meeting of creditors was conducted by the Trustee on April 22, 2021.

2. The Debtor listed in Schedule "A" of her bankruptcy petition certain real estate she owns as her personal residence located at 1115 Old Hickory Court in LaGrange, Oldham County, Kentucky (hereinafter sometimes referred to as the "property" or "Real Estate").

3. The Debtor stated in her schedules that she has the only interest in the property and, on the Statement of Intention she filed along with her bankruptcy schedules, declared that she wanted to *"Retain the property and enter into a Reaffirmation Agreement"* which she confirmed as being her intention at the Meeting of Creditors.

4. The current value of the real estate according to the 2021 assessed value made by the Property Valuation Administrator of Oldham County, Kentucky on January 1, 2021 is $245,000. The Debtor stated in Schedule "D" that the current debt on the real estate is

$182,296.00. On Schedule "C" the Debtor applied an exemption to the real estate pursuant to 11 U.S.C. § 522(d)(1) in the sum of $25,150.00. The remaining equity in the real estate is sufficient to provide a meaningful distribution to creditors of the Debtor estate.

5.  Since the date of completion of the Debtor's first meeting of creditors on April 22, 2021, the Debtor has failed to perform her intention with respect to the real estate as required by 11 U.S.C. § 521(a)(2)(A) and (B), nor has the Debtor entered into an agreement to pay the cash value of the equity in the property to the Trustee.

6.  The Trustee proposes for the property to be sold pursuant to 11 U.S.C. § 363(c) and (f) free and clear of any interest other than that of valid tax and lien holders. The payment of ordinary expenses of closing the sale of the real estate including closing costs, realtor commissions, costs for preparation of the deed, title report, payment of taxes, and recording fees will also be made from the proceeds of the sale all as an administrative expense.

7  Any net remaining proceeds from the sale will be turned over and held by the Trustee subject to further order of the Court.

WHEREFORE, the Trustee hereby moves the Court to enter the attached Order permitting the sale of the aforesaid real estate.

                Respectfully submitted,

.
                */s/ Robert W. Keats*
                Robert W. Keats, Trustee
                P.O. Box 221377
                Louisville, Kentucky 40252-1377
                (502) 587-8787   Se-1-Doc.Sell RE MACKIN
                rkeats@bellsouth.net

## **CERTIFICATE OF SERVICE**

       I certify the foregoing and proposed order was served in conformity with CM/ECF Rule 6.9, or, by delivering a true copy via first class mail to the service list and to the following parties in interest on August 10, 2021.

David C. Nalley
3962 Red Bank Rd.
Cincinnati, OH 45227
Representing LoanCare, LLC

                                                */s/ Robert W. Keats*
                                                Robert W. Keats, Trustee